MOKCURE, P.,
delivered the opinion of the court.
This cause, which is pending in this court at Richmond, having been there fully heard but not determined, this day came here the parties, by their counsel, and the *court having maturely considered the transcript of the record of the degree aforesaid and the argument of counsel, is of opinion that only the estate of a bankrupt, whatever it may be at the time of his becoming such, including of course any estate he may have aliened, by an act fraudulent and void as to his creditors, is vested in his assignees, in bankruptcy for the benefit of his creditors; and, therefore, that no estate which may have been sold and conveyed by him, by deed duly recorded, to a bona fide purchaser for valuable consideration fully paid prior to the act of bankruptcy, becomes so vested in said assignees.
The court is further of opinion, that a judgment creditor of the bankrupt, whose judgment is a lien upon any estate so sold and conveyed by the bankrupt, may claim and secure in the proceeding in bankruptcy his portion of the estate of the bankrupt, in virtue of his said judgment, without accounting or giving credit for anything on account of the lien of his judgment upon the estate so sold and conveyed as aforesaid.
The court is further of opinion, that notwithstanding such creditor may have so j claimed and received in the proceeding in bankruptcy his portion of the estate of the : bankrupt as aforesaid, such judgment cred-Í itor may. by a suit in equity, enforce the lien ' of his said judgment upon the estate so sold and conveyed as aforesaid, for the recovery of any balance of said judgment which may remain unrecovered in the said proceeding in bankruptcy: and that notwithstanding he may not, in the said proceeding, have asserted or given any notice of the lien of his said judgment upon the estate so sold and conveyed as aforesaid.
The court is therefore of opinion, that the circuit court erred in dismissing the original and amended bills of the complainants; and that instead of doing so, the said court ought to have proceeded to adjudicate the rights of the *parties involved in the case, in regard to which rights it is not deemed proper by this court, as it would be premature, to express any further opinion than as aforesaid until the said circuit court shall have adiudicated upon them, and it may become the duty of this court to suoervise the judgment of that court on appeal.
Therefore, it is decreed and ordered that the said decree appealed from be reversed and annulled; that the aopellec, Robert A. Walters, pay to the appellants their costs bv them expended in the prosecution of the’r appeal aforesaid here; and that the cause be remanded to the said circuit court for further oroceedingsto behad therein to a final decree, in accordance with the principles hereinbefore declared: which is ordered to be entered on the order-book here and forthwith certified to the clerk of this court at Richmond *142 aforesaid, who shall enter the same on his order-book and certify it to the said circuit court of Pittsylvania county.
Decree reversed.