## Richmond.

### PARKER v. DILLARD AND ALS.

#### March 31.

1. All interest on property held by a bankrupt, and all property which he has fraudulently conveyed, come within the jurisdiction of the bankrupt court. But that court has no jurisdiction over property *bona fide* conveyed to a purchaser by the bankrupt before he is declared a bankrupt. And a creditor by judgment docketed against the bankrupt recovered before a *bona fide* conveyance of land, may proceed in a State court to enforce his judgment lien against said land.

2. Upon a bill to review a decree, the bill, answers and all proceedings in the cause are to be looked to, to ascertain whether there is error in the decree.

This was a suit in equity in the circuit court of Essex county, brought by Nathan Parker against G. H. Dillard and Emma V., his wife, and others, trustees, to subject certain real estate to satisfy a judgment which the plaintiff had recovered against Dillard. After the judgment had been recovered and docketed, Dillard sold and conveyed a a tract of land to John H. Smith. He conveyed another tract to R. P. Dillard, in trust for his wife, Emma V., in consideration of her relinquishing her contingent right of dower in his other lands; and he conveyed the other lands to T. W. Tyler, in trust for the payment of his debts. He afterwards was declared a bankrupt, surrendering his interest in the land conveyed to Tyler in trust; and this land was sold by his assignee in bankruptcy free of all liens, under an order of the bankrupt court.

When the cause came on to be heard in June, 1876, the court dismissed the bill, apparently on the ground that the

Parker v. Dillard and als.

State court did not have jurisdiction of the subject; but that it should have been prosecuted in the bankrupt court. And upon a bill of review, the court being of opinion that it was not competent for the court to re-examine the evidence upon which the decree sought to be recovered was based, and that there was no error upon the face of said decree, sustained the demurrer to the bill of review and dismissed it. And thereupon Parker obtained an appeal to this court. The case is stated by Judge *Burks* in his opinion.

*C. G. Griswold,* for the appellant.

*Tho. Croxton* and *T. R. B. Wright,* for the appellees.

BURKS, J., delivered the opinion of the court.

A brief statement of this case will show more clearly the grounds upon which it will be disposed of.

The appellant recovered a judgment against the appellee G. H. Dillard and others in November, 1868, and during the next month caused it to be duly docketed. At the date of the judgment, Dillard was the owner in fee simple of lands to which the lien of the judgment attached. In October, 1869, he sold, and by deed conveyed a portion of these lands to one John H. Smith. In November of the same year he conveyed another portion to T. W. Tyler, in trust to secure creditors, and at the same time he conveyed the residue to a trustee for the benefit of his wife during her life, remainder to her heirs, in consideration of his wife's relinquishment of her contingent right of dower in the lands conveyed by the other deeds. All these conveyances were duly recorded. In September, 1872, on his own petition, he was adjudged bankrupt by the district court of the United States. The only real estate embraced in the

inventory filed with his petition was the land which had been conveyed, as before stated, to Tyler, trustee, to secure creditors, and the one with interest in a tract of fifty-four acres described.

On the petition of the assignee of the bankrupt's estate, asking a sale of the lands described in the inventory, the bankruptcy court, after the creditors had been commanded to show cause against the prayer of the petition and a report made by the register that no cause had been shown, on the 12th day of February, 1873, ordered the assignee to make sale of said lands free of liens. The sale was made and the bankrupt became the purchaser. The assignee made report of the sale, but whether the report was ever confirmed or not, or what further proceedings, if any, were afterwards taken in the court of bankruptcy, the record does not show.

In February, 1874, the appellant brought his bill in the circuit court of Essex county to enforce the lien of his judgment against the lands owned by Dillard at the date of the judgment, and which were subsequently aliened as aforesaid. Several orders and decrees were made and other proceedings had, which, for the purposes of this appeal, need not be noticed. In the progress of the case the bankrupt's assignee was made a defendant. He filed a brief answer to the bill, in which he averred the adjudication in bankruptcy, his appointment as assignee, the sale and report by him already referred to, and concluded by objecting to the jurisdiction of the circuit court, alleging that jurisdiction of the matter of the bill belonged to the federal courts.

At the hearing, the learned judge dismissed the bill on the sole ground, as appears by his opinion (made a part of the record) that jurisdiction to grant the relief prayed belonged exclusively to the courts of the United States, under the bankrupt law.

It was proper to dismiss the bill so far as it sought to

subject the land which had been already sold in the bankruptcy proceedings. This is conceded by the appellant's counsel. If the deed to Tyler was valid, the bankrupt had an equity of redemption in the land conveyed by that deed, which vested in the assignee for the benefit of the bankrupt's creditors, and if the deed was fraudulent the whole land vested in the assignee for like purposes. So that, in either case, the court of bankruptcy had jurisdiction to make sale of the land and dispose of the proceeds according to the rights of parties. But it was palpable error to dismiss the bill as to the other lands. At the date of adjudication in bankruptcy the bankrupt had no estate or interest whatever in these lands. He had aliened them nearly three years before the adjudication, and they were bound in the hands of the alienees by the appellant's judgment, which operated as an absolute lien. It is not charged in the bill that the alienations were fraudulent, nor is any such pretence set up by the assignee in his answer; and we cannot conceive of a plausible pretext even for the jurisdiction of the federal courts under the bankrupt law, touching the subject matter of the litigation.

All the estate, real and personal, of the bankrupt (exempted property excepted), including all the property conveyed by him in fraud of his creditors, or in fraud of the law, is vested by the bankrupt act in the assignee. But he does not take anything more than the bankrupt had, except what may have been fraudulently conveyed. The language of the statute is plain enough. 14 Stat. at Large 522, ch. 176, §§ 14 (Revised Stat. §§ 5044, 5045, 5046), 35 (Revised Stat. §§ 5128, 5129).

At the time Dillard was adjudged bankrupt he had not even the semblance of an estate or interest, either in the land which had been conveyed to Smith, or in that which had been settled to the use of the bankrupt's wife and her heirs, and neither the appellant, nor the assignee, nor any

other party charges that the conveyances were fraudulent. So that the assignee had no interest in these lands, and the State court was the only forum in which the appellant could enforce his lien against the alienees. The United States courts had no jurisdiction of such a case under the bankrupt law. If authority for so plain a proposition was needed, it may be found in the judgment of this court in *McAden and others* v. *Keen and others*, 30 Gratt. 400. The jurisdiction of the State court to subject the aliened lands was maintained in that case, although the judgment creditor had gone into the bankruptcy court to enforce his lien against other lands owned by the bankrupt at the time of the adjudication and which had been surrendered as a part of his estate.

The error in dismissing the appellant's bill would seem to be error of law apparent in the decree—that is, in the record, exclusive of evidence—and therefore the demurrer to the bill of review should have been overruled. But if the bill of review was not the proper remedy, this court would still correct the error, as the present appeal is not only from the decree dismissing that bill, but also from the decree dismissing the original bill.

As, in our opinion, both decrees are erroneous, they will be severally reversed, and the cause remanded for further proceedings.

The decree was as follows:

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the decrees aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decrees are erroneous; therefore it is decreed and ordered, that the said decrees be severally reversed and annulled, and that the appellees, G. H.

Dillard and Emma V., his wife, and John H. Smith, pay to the appellant his costs by him expended in the prosecution of the appeal aforesaid here ; and this court, now proceeding to render, in lieu of the decree aforesaid of June 10, 1876, such decree as the said circuit court ought to have rendered, it is further decreed and ordered, that the original bill of the complainant (Nathan Parker) be dismissed as to the defendant L. H. Tyler, administrator, and so far as said bill seeks to subject to the lien of the complainant's judgment the land in the bill mentioned conveyed to T. W. Tyler, trustee, and that, as to the other lands in the bill mentioned sought to be subjected to said lien, the said bill be retained and the cause proceeded in to final decree; which is ordered to be certified to the said circuit court of Essex county.

DDCREE REVERSED.